# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **B.W. and R.W.**

**No. 15-1066** (Braxton County 15-JA-49 and 15-JA-50)

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.W., by counsel Kevin W. Hughart, appeals the Circuit Court of Braxton County's October 16, 2015, order terminating his parental and custodial rights to B.W. and R.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order and a supplemental response. The guardian ad litem, David Karickhoff, filed a response on behalf of the children also in support of the circuit court's order and also filed a supplemental response. On appeal, petitioner alleges that the circuit court erred in denying his motion for an improvement period and terminating his parental and custodial rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, the DHHR filed an abuse and neglect petition against the parents. According to the petition, the parents took B.W., then two years old, to the emergency room for what they described as a diaper rash. Upon examination, however, personnel observed that the child had multiple bruises around the eyes, face, back, arms, legs, groin, and buttocks. Additionally, B.W.'s penis was discolored, swollen, and had a half-inch laceration. Personnel also noted at least three other small injuries to the child. According to the petition, the parents' only explanation for these injuries was that the child was clumsy and must have fallen. Following the doctor's examination, the parents were advised that the child required further testing. The parents refused and took the child from the hospital against medical advice. Based on these facts, a referral was made to Child Protective Services ("CPS"), who contacted law enforcement to have the child brought back to the hospital. When a caseworker arrived at the hospital, it was discovered that B.W. tested positive for marijuana, and the parents could not account for this fact. The CPS employee spoke with both parents individually, during which each parent denied having caused the child's injuries. That same month, the circuit court held a preliminary hearing, which the parents waived.

---

[1]The proceedings below concerned another child, R.B., that is not petitioner's biological child. On appeal, petitioner raises no assignment of error regarding R.B. As such, that child is not the subject of this memorandum decision.

In September of 2015, the circuit court held two adjudicatory hearings. Petitioner attempted to stipulate at adjudication, but would admit only to a failure to submit the child for further medical care as suggested by emergency room personnel. As such, the circuit court chose to proceed to a full adjudicatory hearing. The circuit court heard evidence from the emergency room physician who testified that B.W. was brought to the emergency room with extensive injuries. The physician further testified that neither parent could provide a plausible explanation for these injuries, as the bruises were of varying ages and were, therefore, not consistent with a single injury. The physician also addressed the fact that the laceration on the child's penis was not consistent with diaper rash and that the bruises were not the result of a fall. Ultimately, the physician testified that the injuries were the result of non-accidental trauma. After taking evidence, the circuit court adjudicated petitioner as an abusing parent for his failure to protect B.W.

In October of 2015, the circuit court held a dispositional hearing, during which a psychologist who evaluated petitioner testified that he refused to take responsibility for the child's injuries. Ultimately, the circuit court terminated petitioner's parental and custodial rights to the children. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal to this Court, petitioner's arguments are based almost entirely upon his assertion that the circuit court found that he did not intentionally inflict injuries upon the child. In regard to the circuit court's denial of his motion for an improvement period, petitioner argues that the circuit court relied entirely upon the testimony of psychologist Barbara Nelson and her opinion that petitioner inflicted the injuries to the child, which he asserts was contrary to the circuit court's ultimate findings. However, the record does not support this argument. Specifically, the circuit court limited its consideration of Ms. Nelson's testimony and clearly indicated that, in regard to the witness, "[t]he [c]ourt [did] not take into consideration any

2

opinions regarding legal conclusions" because "that rests entirely with the [c]ourt." As such, it is clear that, contrary to petitioner's argument, the circuit court did not fail to fully consider his motion for an improvement period and it similarly did not "put full weight of its decision on the psychological evaluation . . . ."

Instead, the circuit court based its denial on petitioner's failure to acknowledge his role in the child's abuse and the fact that his failure to acknowledge the same meant that services could not correct the underlying conditions of abuse and neglect. This is in keeping with our prior decisions, wherein we have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Based upon this holding, it is clear that the circuit court did not err in denying petitioner an improvement period, and we find no error in this regard.

Further, the Court finds no error in regard to the circuit court's termination of petitioner's parental and custodial rights to the children. Again, petitioner bases his argument upon his assertion that at adjudication, the circuit court found that "[t]here is no proof . . . the child's injuries were intentionally inflicted." According to petitioner, he was adjudicated solely for his failure to protect the children because he took B.W. from the hospital against medical advice and, as such, the circuit court erred in terminating his parental rights because it did not consider less-restrictive dispositional alternatives. The Court, however, does not agree because petitioner's argument ignores the totality of the circuit court's findings below. Moreover, petitioner's argument misstates the basis for the circuit court's adjudication.

Specifically, the circuit court did not adjudicate petitioner upon the allegations that he failed to seek medical treatment for the child. Instead, the circuit court specifically found that "[B.W.'s] injuries occurred while in the custody of the adult respondents" and that the parents, therefore, failed to protect the child. Further, while it is true that the circuit court stated that there was no proof that B.W.'s injuries were intentionally inflicted, in the same order it further found that it was "troubled by the nature of the injuries and how they occurred." The circuit court went on to find that it did not believe B.W.'s injuries were the result of a fall, as petitioner had asserted. Further, the circuit court found at adjudication that based on the extent of B.W.'s injuries, "the same were caused by some person." Ultimately, at the conclusion of its dispositional order, the circuit court specifically found that "the adult respondents at the least failed to protect the child or at the worst intentionally inflicted the injuries." While the circuit court lacked sufficient evidence to clearly find that petitioner intentionally inflicted the injuries in question, the circuit court had sufficient evidence upon which to find that someone injured the

child while in petitioner's care and that he failed to identify the perpetrator of that abuse or otherwise protect the child from the same.

This Court has previously held that

> "[p]arental rights may be terminated where there is clear and convincing evidence that the infant child has suffered extensive physical abuse while in the custody of his or her parents, and there is no reasonable likelihood that the conditions of abuse can be substantially corrected because the perpetrator of the abuse has not been identified and the parents, even in the face of knowledge of the abuse, have taken no action to identify the abuser." Syllabus Point 3, *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993).

Syl. Pt. 4, *In re Harley C.,* 203 W.Va. 594, 509 S.E.2d 875 (1998). As noted above, the circuit court was presented with ample evidence of the child's extensive physical abuse, including testimony from medical personnel who treated B.W. for the injuries. Moreover, the circuit court specifically found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse or neglect.

Pursuant to West Virginia Code § 49-4-604(c)(2), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] willfully refused or [is] presently unwilling to cooperate in the development of a reasonable family case plan designed to lead to the child's return to their care, custody and control." Based upon petitioner's willful refusal to acknowledge the fact that B.W. was injured while in his care by someone's actions, coupled with testimony that there were no services that could be offered to petitioner because of his refusal to acknowledge the abuse, the circuit court had sufficient evidence upon which to find there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect. Further, the circuit court also found that termination of petitioner's parental and custodial rights was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. As such, it was not error for the circuit court to terminate petitioner's parental and custodial rights, as there were no less-restrictive dispositional alternatives available.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 16, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II